FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

July 25, 2013

TENET CIRCUIT

Elisabeth A. Shumaker
Clerk of Court

JOE WINSTON, III,

     Petitioner - Appellant,

v.

ANITA TRAMMELL, Acting Warden,

     Respondent - Appellee.

No. 13-5031
(D.C. No. 4:10-CV-00184-GKF-TLW)
(N.D. Okla.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner Joe Winston, III, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We deny his request and dismiss the appeal.

Mr. Winston was convicted of robbery with a dangerous weapon and sentenced to life imprisonment. He alleges that (1) he was denied the right to present a defense when the trial court refused to admit the judgments and sentences of his co-defendants, (2) there was insufficient evidence to support his conviction, (3) his sentence was excessive, and (4) he was denied effective assistance of trial counsel. Aplt. Br. 3–22. The Oklahoma Court of Criminal

Appeals rejected each of these arguments on direct appeal and in post-conviction proceedings. See I R. 19–24.

The federal district court also considered these claims and concluded that the Oklahoma courts' resolution was not contrary to or an unreasonable application of federal law, nor based on an unreasonable determination of the facts. Winston v. Trammell, No. 10-CV-184-GKF-TLW, 2013 WL 868941 (N.D. Okla. Mar. 7, 2013); see 28 U.S.C. § 2254(d). In particular, the court found that Mr. Winston failed to demonstrate that the trial court's refusal to admit his co-defendants' judgments and sentences rendered his trial fundamentally unfair where those judgments were not relevant or exculpatory. Winston, 2013 WL 868941, at *4 (citing Crane v. Kentucky, 476 U.S. 683, 690–91 (1986)). Second, considering the evidence in the light most favorable to the prosecution, the court found sufficient evidence of the elements of robbery with a dangerous weapon. Id. at *5 (citing Okla. Stat. tit. 21, § 801; Jackson v. Virginia, 443 U.S. 307, 319 (1979)). As for the claim of an excessive sentence, the court determined that his sentence was not outside the statutory limits and that Mr. Winston did not show that his sentence was grossly disproportionate to the crime. Id. at *6 (citing Okla. Stat. tit. 21, § 51.1(B); Lockyer v. Andrade, 538 U.S. 63, 77 (2003)). Finally, the court found that counsel's strategy was reasonable. Id. at *7–8 (citing Strickland v. Washington, 466 U.S. 668, 687, 699 (1984)).

In order for this court to grant a COA, Mr. Winston must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Where, as here, a petition is dismissed on the merits, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid constitutional claim. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We have carefully reviewed Mr. Winston's application for a COA and brief, the district court's thorough opinion, and the record. We conclude that Mr. Winston fails to make a substantial showing of the denial of a constitutional right and that no reasonable jurist could debate the correctness of the district court's decision. Accordingly, we DENY a COA and DISMISS the appeal. We also DENY Mr. Winston's motion objecting to the denial of appointment of counsel.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge